UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:06-CR-5 |
| | ) | (PHILLIPS/SHIRLEY) |
| DAMION BRADLEY JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 8, 2007, on the Government's Motion to Continue the Suppression Hearing [Doc. 47]. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney James Varner was present, representing the defendant, who was also present.

In support of its motion, the Government noted that the pretrial conference and suppression hearing were scheduled for March 13, 2007. The Assistant United States Attorney, Tracee Plowell, has a legitimate scheduling conflict, specifically a trial which is scheduled to commence on March 12, 2007. The Government moved to continue the suppression hearing, so as to ensure the continuity of counsel in both the instant case and the case scheduled for trial on March 12, 2007. Additionally, the Government noted such a continuance is excludable under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(iv). Defendant stated no objection to the Government's

Motion. For good cause shown, the Government's Motion [Doc. 47] is well-taken and is **GRANTED**.

The suppression hearing in this matter was scheduled for March 13, 2007. Because of the suppression hearing, the original trial date of May 22, 2007, likely would have required rescheduling, regardless of the Government's Motion to Continue. Both parties agreed that all the time between the hearing and a new trial date would be fully excludable under the Speedy Trial Act.

The Court agrees with the parties that a continuance of the trial date is necessary. 18 U.S.C. § 3161(h)(8)(A). Given the quickly approaching May 22, 2007, trial date the Court finds that the failure to grant a continuance would deprive the defendant of a hearing on a pending motion to suppress. See 18 U.S.C. § 3161(h)(1)(F). Once the suppression hearing occurs, both this Court and the District Court will take the matter under advisement. See 18 U.S.C. § 3161(h)(1)(J). Moreover, without a continuance, the Government will be deprived of continuity of counsel in either this case or the case presently set for trial on March 12, 2007. See 18 U.S.C. § 3161(h)(8)(B)(iv). Finally, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. Id. The Court has considered 18 U.S.C. § 3161(h)(8)(A) and finds the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. The grounds for finding that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial are:

    1.    The public and the defendant are more interested in the proper administration of justice and the defendant's right to due process of law than the speed of the trial;

2. The public and the defendant are more interested in both parties having an opportunity to have all pending motions heard and taken under careful advisement than the speed of the trial;

3. The public and the defendant are more interested in continuity of counsel than the speed of the trial; and

4. The trial will be continued for only a short period of time.

The Court finds a miscarriage of justice would result if the Government were not allowed continuity of counsel in the present case and the other pending case. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, it is **ORDERED**:

1. The Government's Motion to Continue the Suppression Hearing [Doc. 47] is **GRANTED**;

2. The trial of this matter is reset to **July 9, 2007 at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge;

3. The pretrial conference and suppression hearing are reset to **April 5, 2007 at 9:00 a.m.** before this Court; and

4. The Court finds, and the parties agree, that all the time between the filing of the motion to suppress, February 23, 2007, and the suppression hearing, April 5, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F).

5. The Court finds, and the parties agree, that all time between the suppression hearing, April 5, 2007, and the trial, July 9, 2007, is fully excludable time

under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(J), (h)(8)(B)(iv).

**IT IS SO ORDERED.**

ENTER:


    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge