IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:06-CR-05 |
| V. | ) | (Phillips / Shirley) |
| | ) | |
| DAMION BRADLEY JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant Damion Bradley Jackson has filed two pretrial motions *pro se*: Motion to Order Defense Counsel to Provide Defendant With Discovery [Doc. 73]; and Motion to Strike Surplusage From Indictment [Doc. 75]. The District Court has referred these pretrial motions to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition as may be appropriate, [Doc. 74], and [Doc. 76]. Defendant Jackson is represented by Attorney James H. Varner, Jr.

Mr. Jackson's Motion to Order Defense Counsel to Provide Defendant With Discovery [Doc. 73] sets forth issues and concerns within the attorney-client relationship rather than an issue with respect to the government's obligation to provide discovery or other materials. This fact, coupled with the fact that the defendant has not asked the Court replace Attorney Varner, leaves no reasonable remedy for the Court to impose. The Court expects counsel to communicate with his client and provide information and documents as appropriate, but will not endeavor to manage

1

Attorney Varner's handling of Mr. Jackson's defense. If this motion represents a significant issue between the defendant and his attorney, either may bring to the Court's attention the disintegration of the relationship should it become necessary to appoint new counsel. The Court would, at that time, consider whether the nature of the problem is such that replacement counsel is warranted. As those issues are not before the Court, Mr. Jackson's *pro se* Motion to Order Defense Counsel to Provide Defendant With Discovery **[Doc. 73]** is **DENIED**.

Mr. Jackson has also filed Motion to Strike Surplusage From Indictment [Doc. 75]. Because Mr. Jackson is represented by counsel, the Court finds his motion violates <u>Local Rules of the United States District Court for the Eastern District of Tennessee</u>, LR 83.4 Appearance and Withdrawal of Counsel, which provides, in relevant part:

> (c) Representation *Pro Se* After Appearance by Counsel
>
> > Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney.

This Court will not proceed on the merits of a substantive motion filed *pro se* so long as Mr. Jackson is represented by counsel. The Court does note, however, that Mr. Jackson's motion addresses itself to factual issues within the province of the jury and not legal issues to be determined through pretrial filings. Whether there is indeed "no evidence" of defendant's use of a firearm in violation of 18 U.S.C. § 924(c) as Mr. Jackson asserts, is a factual issue to be resolved by a jury at trial. Accordingly, Motion to Strike Surplusage From Indictment **[Doc. 75]** is **DENIED**.

While Mr. Jackson may continue to file *pro se* motions, the Court takes this opportunity to

admonish him against doing so in the strongest terms. Mr. Jackson has availed himself of his right to counsel as guaranteed by the United States Constitution and this Court urges him consult that counsel or seek a new lawyer. Without the benefit of legal training and experience, Mr. Jackson may seriously and irreparably damage his defense to these criminal charges. This could come about by his inadvertently revealing attorney-client privileged information, compromising the most effective presentation of his defense or even disclosing to the Court, the public and the Office of the United States Attorney the particulars of his defense strategy. Although the damage may be accidental or unforeseen, it will not be possible to un-ring the bell later.

**IT IS ORDERED:**

1. Motion to Order Defense Counsel to Provide Defendant With Discovery **[Doc. 73]** is **DENIED**; and

2. Motion to Strike Surplusage From Indictment **[Doc. 75]** is **DENIED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge